**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Randy Brooks,

    Plaintiff,

    v.                                          Case No. 1:07cv185

Commissioner of                     Judge Michael R. Barrett
Social Security Administration,

    Defendant.

## ORDER

This matter is before the court upon Magistrate Judge's Report and Recommendations ("R&R") affirming the Administrative Law Judge's ("ALJ") denial of benefits. (Doc. 11)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed timely Objections to the R&R. (Doc. 12)

**I.  BACKGROUND**

Plaintiff filed applications for SSI and DIB in November and December of 2002, alleging an onset of disability of September 25, 2002 due to migraine headaches, chronic fatigue syndrome, fibromyalgia, arthritis in the hands, left knee, and hip, and depression. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested, and was granted a hearing before an ALJ. A hearing and supplemental hearing were held.

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

On May 25, 2006, the ALJ issued a decision denying Plaintiff's applications. The Appeals Council denied Plaintiff's request for review, thereby making the decision of the ALJ the final decision of the Commissioner.

The ALJ determined that Plaintiff suffers from severe post-traumatic headaches, probable fibromyalgia, occasional dipoplia and a depressive disorder, but these impairments do not alone or in combination meet or equal the Listing of Impairments. The ALJ found that Plaintiff retains the residual functional capacity ("RFC") for a range of sedentary work, except that he cannot balance, drive during the course of employment, or work in the area of heavy industrial machinery. The ALJ also found that Plaintiff was limited to tasks requiring monocular vision, he can occasionally climb, and is limited to one- and two-step job duties that are considered low stress. The ALJ found Plaintiff's allegations of total disability to be not credible. The ALJ found that while Plaintiff could not perform his past relevant work, he could perform other jobs that exist in significant numbers in the national economy. As a consequence, the ALJ determined that Plaintiff was not entitled to disability benefits.

## II.     MAGISTRATE JUDGE'S R&R

The Magistrate Judge found that substantial evidence supported the ALJ's denial of benefits; and recommends affirming the decision of the ALJ and closing this case.

Plaintiff argued that the ALJ made four errors: (1) failing to accept the RFC opinion of Plaintiff's treating internist, Dr. Frecka; (2) failing to include Plaintiff's chronic depression in his hypothetical question to the vocational expert ("VE"); (3) failing to address "the debilitating migraines nor the fluorescent lighting issue, nor the depression;" and (4) finding Plaintiff not credible. The Magistrate Judge rejected Plaintiff's arguments.

The Magistrate Judge found that the ALJ properly weighed the medical opinions in the record. The Magistrate Judge noted that the ALJ properly rejected Dr. Frecka's opinion that Plaintiff was limited to less than sedentary work. The Magistrate Judge explained that this opinion was inconsistent with a previous RFC assessment issued by Dr. Frecka and was also contrary to objective and clinical evidence in the record. The Magistrate Judge noted that Dr. Frecka failed to explain the inconsistency, and his treatment records contained no change in the nature or characteristic of Plaintiff's impairments. In addition, the Magistrate Judge found that the ALJ properly considered the medical specialties of the physicians of record in determining the weight afforded to their opinions. The Magistrate Judge explained that the ALJ noted that Dr. Schmerler, a consultative physician, was a board certified neurologist, and Dr. Geisel, the medical expert who testified at the hearing, was board certified in both internal medicine and rheumatology. In contrast, the ALJ noted that Dr. Frecka was an internist and not board certified. Finally, the Magistrate Judge noted that the ALJ determined that Dr. Frecka's opinion was based upon Plaintiff's subjective statements about his own limitations. As the Magistrate Judge explained, subjective complaints do not constitute medical findings.

The Magistrate Judge found that it was proper for the ALJ to not include Plaintiff's "suicidal tendencies" in the hypothetical question to the VE. The Magistrate Judge noted that there was no support for such a limitation in the record.

The Magistrate Judge also found that the ALJ did consider Plaintiff's depression, adverse reaction to fluorescent lighting, and depression. The Magistrate Judge noted that the ALJ found Plaintiff's depression and headaches constituted severe impairments, and included limitations from these impairments in assessing Plaintiff's RFC. As to Plaintiff's

adverse reaction to fluorescent lighting, the Magistrate Judge noted that Plaintiff testified that fluorescent lights bother him, there was no evidence that Plaintiff ever mentioned this problem to a physician.

Finally, the Magistrate Judge found that the ALJ's credibility finding was properly supported. The Magistrate Judge explained that Plaintiff had failed to point to specific record evidence showing objective medical evidence of an underlying medical condition, and whether such objective medical evidence confirms the severity of the alleged pain arising from the condition, or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

### III.  ANALYSIS

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

In his Objections to the R&R, Plaintiff presents the identical arguments that were made to the ALJ: (1) ALJ erred in not accepting the RFC opinions of Plaintiff's treating physicians; (2) ALJ erred by failing to include all impairments; (3) ALJ erred by never addressing the debilitating migraines nor the fluorescent lighting issue, nor the depression; and (4) ALJ erred in finding that Plaintiff was not credible.  The Court finds that the Magistrate Judge's analysis on these points was correct, and because Plaintiff presents nothing new with respect to his arguments, it is unnecessary for the Court to address these alleged errors.

However, Plaintiff does raise one new point.  Plaintiff explains that in a subsequent application, Plaintiff was granted benefits with a disability onset date of May 26, 2006.  Plaintiff explains further that this date is the day after the ALJ decision being appealed in this matter was entered.  Plaintiff maintains that he was disabled before that date, and points to a March 14, 2005 office note by Dr. Rorick which states that Plaintiff has essentially been disabled since 2002 due to post-traumatic headaches.

At the outset, the Court notes that absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ.  *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997); *see also* Acquiescence Ruling 98-4(6) ("When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at

the finding."). Accordingly, Plaintiff's disability onset date in the award of benefits on his subsequent application would necessarily be the day after the entry of the ALJ's decision in this case unless there is new and material evidence relating to that period. Plaintiff has not argued that such new and material evidence exists.

Moreover, the Sixth Circuit has specifically rejected Plaintiff's "bootstrap" argument. In *Asbury v. Commissioner of Social Security*, 83 Fed.Appx. 682 (6th Cir. Nov. 21, 2003) (unpublished), the plaintiff applied for, and was denied social security disability insurance benefits for the period ending May 23, 1995. *Id.* at 682. The plaintiff then filed a second application for benefits, and the Social Security Administration granted her benefits beginning on May 24, 1995. *Id.* The plaintiff appealed the denial of her first application, asserting that the ALJ erred by not applying principles of administrative *res judicata* to bind the Commissioner with respect to the disability finding under her second application. *Id.* The Sixth Circuit rejected this argument, which it summarized as: "Asbury seeks in effect to bootstrap her success on the second application so as to require the Commissioner to find disability for the earlier period unless the agency can demonstrate a change in her condition." *Id.* at 685. The court concluded that the Administration was not required to make an affirmative showing of changed circumstances prior to May 24, 1995, and that the ALJ's decision is supported by substantial evidence. *Id.* at 682-83. The court affirmed the Commissioner's decision to deny benefits for the first period. *Id.* at 683. Accordingly, the Court finds that the award of benefits in Plaintiff's successive application is not binding upon the ALJ in making a determination in the instant application for benefits.

## IV. <u>CONCLUSION</u>

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no

error in the Magistrate Judge's R&R.  Accordingly, the Magistrate Judge's R&R (Doc. 11) is hereby **ADOPTED.**  The Court finds that ALJ's decision is supported by substantial evidence and the decision of the ALJ is affirmed.  This matter shall be closed and terminated from the Court's docket.

  **IT IS SO ORDERED.**

                 */s/ Michael R. Barrett*
                Michael R. Barrett, Judge
                United States District Court